FILED
SUPERIOR COURT
OF GUAM

2020 DEC 11 AM 9: 06

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

GABRIEL K.R. HAYASHI,

Plaintiff,

vs.

JOYCELYNN A.H. HAYASHI,

Defendant.

Superior Court Case No. <u>DM0219-20</u>

**DECISION & ORDER RE MOTION
FOR PENDENTE LITE SPOUSAL
SUPPORT AND ATTORNEY'S FEES**

The Court here considers Defendant Joycelynn Hayashi's Motion for Pendente Lite Spousal Support and Attorney Fees. After reviewing the briefs and the relevant law, the Court finds that additional spousal support is not warranted, but that Plaintiff Gabriel K.R. Hayashi should contribute to Defendant's attorney's fees. The Motion is therefore DENIED IN PART and GRANTED IN PART.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a Complaint for Divorce after 17 years of marriage. Plaintiff earns approximately $8,727.40 in addition to COLA each month as an active duty service member. Mot. for Pendente Lite Spousal Support at 1 (Aug. 4, 2020). He also has between $7,500 to $8,000 in monthly expenses, including $2,000 in minimum monthly payments on community debts and post-separation debt incurred by Plaintiff.

Defendant earns $19.09 an hour and works thirty hours per week. Decl. in Support of Defendant's Mot. for Pendente Lite Spousal Support ¶ 10 (Aug. 4, 2020). She has an estimated monthly budget of $2,920 in expenses. Id. at ¶ 17. Plaintiff claims that Defendant earns

ORIGINAL

$3,055.74 a month and has produced evidence of Defendant's pay stubs from July. Decl. Gabriel Hayashi ¶ 8, Ex. 3 (Sept. 22, 2020).

Plaintiff and Defendant mediated the issue of spousal support and Plaintiff agreed to pay Defendant six hundred dollars a month until January 1, 2023. *Id.*, Ex. 1. Defendant's motion seeks an increase in pendente lite spousal support to $2,000.00 a month and $5,000.00 towards Defendant's attorney fees.

## II.    LAW AND DISCUSSION

Guam law provides that a "court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife or husband to support herself and her children . . . or to prosecute or defend the action." 19 GCA § 8402. This section derives from former California Civil Code §137. *See* 19 GCA § 8402 note. Thus, California case law interpreting section 137 is persuasive to interpreting section 8402. *See Cruz v. Cruz*, 2005 Guam 3 ¶ 9; *see also People v. Hall*, 2004 Guam 12 ¶ 18; *see also Fajardo v. Liberty House Guam*, 2000 Guam 4 ¶ 17.

"Necessary" as used in section 8402 means "convenient, useful, appropriate, suitable, proper, or conducive to the end sought." *Id.* (citing *Rexroth v. Holloway*, 90 N.E. 87 (Ind. App. 1909)). The Court has considerable discretion to determine whether support awarded under this section meets the standard of being "necessary." However, the "discretion of the trial court in allowing alimony pending suit is not arbitrary; it must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities, and the financial ability of the husband." *Arnold v. Arnold*, 12 P.2d 435, 436 (Cal. 1932). Further, "[n]eccesity may be proved only by showing that [the spouse's] need for proper support and the expenses of the litigation exceed her available resources." *Lake v. Lake*, 217 P.2d 477, 478 (Cal. Dist. Ct. App. 1950). Therefore, this Court has discretion in deciding whether alimony for support and litigation costs


ORIGINAL

during the pendency of this divorce are necessary and must look to Defendant's needs, the expenses of the litigation, and Plaintiff's resources to make that determination.

At the rate of $19.09 per hour for thirty hours, Defendant earns roughly $2,290 per month and receives an additional $600 monthly from Plaintiff. Her expenses are estimated to be $2,920. Decl. in Support of Defendant's Mot. for Pendente Lite Spousal Support ¶ 10 (Aug. 4, 2020); Decl. Gabriel Hayashi ¶ 8, Ex. 3. She has offered little corroborating evidence of her expenses but taken at face value, her earnings are generally equivalent to her expenses. Further, Plaintiff pays $2000.00 a month towards community debt incurred by both parties during and after the marriage. *Id.*, Ex. 5-9. In taking on the responsibility of the community debt, Plaintiff has relieved Defendant of that burden.

Defendant further argues that Plaintiff intentionally transferred community assets out of their accounts, and Plaintiff stripped Defendant of her home and sustenance. Mot. for Pendente Lite Spousal Support at 4. "In determining whether or not to grant alimony, the court should consider the comparative guilt of the parties, the needs of one spouse, and the ability of the other spouse to pay." *Millington v. Millington*, 259 Cal.App.2d 896, 916 (1968) (citing *Mueller v. Mueller*, 282 P.2d 869 (Cal. 1955); *Nunes v. Nunes*, 396 P.2d 37, 40 (Cal. 1964)). While comparative fault is a factor to be considered, it is not determinative, as the respective spouses' needs and financial abilities are to be considered. Further, the weight of the factors and the particular case's circumstances fall within the Court's discretion to consider. *See Price v. Price*, 217 Cal.App.2d 1, 10 (1963) ("Discretion to grant or refuse a request for counsel fees and costs is vested in the trial court."). *See also Leupe v. Leupe*, 130 P.2d 697, 701 (Cal. 1942) ("the granting or rejection of such a request lies within the sound discretion of the trial court, and the factors to be considered include the respective financial resources of the parties."). In this particular case, the Court finds that even if Plaintiff has taken control of community accounts,

ORIGINAL

Defendant continues to have access to the monthly spousal support amount plus her monthly income. These funds appear to be sufficient until the Court can render a permanent alimony decision at trial. Therefore, after considering the parties' circumstances, the needs of Defendant, and the financial abilities of both parties, the Court, in its discretion, denies spousal support while the divorce is pending.[1]

Finally, the Court considers the issue of attorney's fees. After paying his monthly bills which include monthly minimum payments on the aforementioned credit cards, Plaintiff has approximately $1,368.27 left over to further pay down credit card debts. Decl. Gabriel Hayashi at 3-4. Plaintiff also utilizes the surplus to pay his attorney's fees. Decl. Pl. at 2.

The parties should have equal abilities to pay for their attorney's fees. *See, e.g., Rosenthal v. Rosenthal*, 17 Cal. Rptr. 186, 191 (Ct. App. 1961) ("If necessary the husband must invade his investments to provide the wife with the sinews to conduct her litigation with him."). Without support to litigate this case, Defendant has an inferior ability to litigate the issues before the Court and receive a fair division of the community property and substantial debt they acquired over their 17 years of marriage. It would be inequitable for Defendant to litigate this case, with its complicated financial picture, without the appropriate legal resources. *See Kang v. Kang*, 2014 Guam 25 ¶ 14 (attorney's fee award proper given legal and factual complexities and difficulty of getting complete and accurate financial figures). The Court finds that because Plaintiff has a surplus after paying his monthly expenses, part of that amount may be used to assist in paying Defendant's attorney's fees just as it is used by Plaintiff to pay his attorney's fees.

Defendant asks for $5,000, however, the Court finds that Plaintiff's monthly surplus--part of which is dedicated to paying off community debt--cannot support that full amount. The Court

---

[1] Plaintiff argues that the mediated spousal support agreement should be upheld. However, this Court is not certain as to the finality of that Agreement as presented by Plaintiff.


ORIGINAL

finds that contributing $2,500 in attorney's fees payments (which amounts to $500 per month since this case started) will assist Defendant in the litigation of this matter without overtaxing the amounts dedicated to community debt.

## III.    CONCLUSION

Based on the foregoing, Defendant's Motion for Pendente Lite Spousal Support and Attorney Fees is DENIED in part and GRANTED in part. No spousal support is awarded at this time; however, Plaintiff is ORDERED to pay $2,5000 in attorney's fees incurred by Defendant.

SO ORDERED this 10th day of December 2020.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, P.C., for Plaintiff Gabriel Kahikahawa Ramos Hayashi
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Defendant Joycelynn Aurora Hellyer Hayashi

ORIGINAL